UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN SHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-620 CAS |
| | ) | |
| ANDREW SARTORI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Stephen Shell (registration no. 505324), an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $39.18. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $195.91, and an average monthly balance of $23.87. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $39.18, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Andrew Sartori, a correctional officer at ERDCC, and Terry Russell, the Warden of ERDCC. Plaintiff sues

Sartori in his individual capacity only, and he sues Russell in both his individual and official capacities.

Plaintiff alleges that on January 16, 2012, Sartori told plaintiff "I am going to get you." Plaintiff was assigned to administrative segregation at that time.

Plaintiff says that on the following day, Sartori and another officer conducted a search of plaintiff's cell. Plaintiff asserts that Sartori gave him a conduct violation after the search for possessing contraband. According to plaintiff, Sartori stated in the conduct violation that plaintiff had a plastic knife that appeared to have been sharpened to a point. The report also stated that the knife was attached to a piece of paper with four correctional officers' names on it.

Plaintiff disputes Sartori's statement. Plaintiff says he purchased the knife from the commissary and did not modify it. Plaintiff also says that the officers on the list were those who had offered to give him references for employment, and he claims that he never attached the list to the knife.

Plaintiff claims he was subsequently found to be guilty of possessing contraband. Plaintiff says that around this time Sartori fired from ERDCC for "misconduct involving conduct violation reports."

Plaintiff alleges that he successfully appealed the violation. Plaintiff claims that after the successful appeal, however, the conduct violation was refiled by an unknown person and he was found guilty again. Plaintiff asserts that he was not given a copy of the new conduct violation before the hearing and that he was not allowed to call witnesses, namely the four officers on his list, who would have corroborated his story.

Plaintiff filed a grievance, and plaintiff claims that defendant Russell reviewed the grievance, thus becoming aware of plaintiff's situation. Plaintiff avers that Russell should be held liable for failing to decide the grievance in plaintiff's favor.

Plaintiff says that, as a result of the finding of guilt, he was subjected to thirty days of disciplinary segregation and six months of administrative segregation. Plaintiff also asserts that he was denied a parole hearing and that he has suffered "mental anguish."

## Discussion

Plaintiff's claim that defendant Sartori gave him a false conduct violation is not actionable under § 1983. See Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam). Initiation of a disciplinary action based on false charges, standing alone, does not support a section 1983 claim. Id. See also Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).

An inmate who makes a due process challenge to his placement in administrative segregation must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's allegations do not indicate that he suffered the type of atypical and significant hardship that might conceivably give rise to a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement): Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; 30 days in disciplinary segregation, and approximately 290 days in administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; 10 days disciplinary detention and 100 days in maximum security cell). As a result, the allegations relating to plaintiff's hearing and placement in administrative segregation fail to state a claim upon which relief can be granted.

"[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11, (1979)). Therefore, plaintiff's claim regarding the loss of a parole hearing is legally frivolous.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). In the instant action, plaintiff has not set forth any facts indicating that defendant Russell was directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, plaintiff's claims against Russell fail to state a plausible claim for relief.

Title 42 U.S.C. § 1997e(e) prohibits a prisoner from obtaining relief for an emotional injury claim "without a prior showing of physical injury." Plaintiff has not alleged any physical injuries, and therefore, his claim of emotional injury is barred.

For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $39.18 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall attach Docket No. 4, plaintiff's supplemental signature page, to Docket No. 1.

An Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of June, 2013.